IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH LEE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 25-4031-JWL |
| FRANK BISIGNANO, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This case was filed March 31, 2025, pursuant to Title II of the Social Security Act, Old Age and Survivors Benefits, for a disabled dependent adult, claiming the Social Security Administration (SSA) was violating his due process rights by failing to provide an accounting of Social Security Disability Insurance benefits paid, and the amounts due, the dates due, and the amounts and dates paid. (Doc 1, p.3).  After considerable motion practice including an Amended Complaint (Doc. 13) and two Motions to Dismiss (Docs. 10, 31), the first Motion to Dismiss was rendered moot by the Amended Complaint and the court issued a Memorandum and Order (M&O) denying the second Motion to Dismiss, denying Plaintiff's Motion for Mandamus, and finding Plaintiff had timely filed a claim for judicial review of the Commissioner's failure to explain the reduction in past due benefits.  (Doc. 36).

In that M&O the court noted that the Commissioner's Notice of Award of Adult Child Disability Benefits explained, "When we decide whether or not we will have to reduce his Social Security benefits, we will send him another letter.  We will pay him any Social Security benefits he is due for this period."  (Doc. 36, 9) (quoting Doc. 23, Attach. 3, p.1).  The court noted the SSA stated it had released Plaintiff's net "back pay" (past due benefits) on March 5, 2024, but that the "record does not indicate Plaintiff ever received a letter explaining the reductions in his Social Security benefits before he received the Benefits Letter dated July 12, 2025. and filed in this case."  (Doc. 36, p.9) (citing Benefits Letter, Doc. 23, Attach. 4, pp.2-3).  Based upon these facts, the court determined Plaintiff had timely filed his complaint seeking judicial review of the Commissioner's failure to explain the reduction in past due benefits.  Id. at 10.

The court found Plaintiff's remaining claims were without merit.  Id. 11-12.  Consequently, it denied the Commissioner's Motion to Dismiss and ordered the Commissioner to "investigate how the Plaintiff's periods of confinement were considered … and if necessary, [to] recompute Plaintiff's back pay back to 2011 in light thereof, and report back to this court with his findings."  Id. 12-13.  The Commissioner has done so, Plaintiff has responded, and the case is ripe for decision.

The court's review is guided by the Social Security Act.  42 U.S.C. § 401, Et. Seq. (hereinafter the Act); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the Commissioner's factual findings are

supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

**I.    Discussion**

Plaintiff does not allege error in the decision to award CDB, rather he alleges error in the Commissioner's computation of past due benefits. Citing 20 C.F.R. § 404.468(c), he argues benefits may be withheld only for a month, any portion of which, Plaintiff was confined pursuant to a sentence of imprisonment and does not apply to months during the entirety of which he was released due to parole or probation. (Doc. 40, 1) (hereinafter Reply). He argues that benefits may not be withheld for periods in which he was confined pending a determination of competency, or incompetent to be tried. He also seems to argue benefits may not be withheld for periods during which he is confined pending determination of a probation violation. (Reply 1). He argues the SSA has misconstrued 20 C.F.R. § 404.468(c) to support their withholding of benefits in his case. Id., 2. He asks the court to require the agency to apply the 20 C.F.R. § 404.468(c) standard, not their misconstrued understanding of the regulation. Id. 3.

The Commissioner relies upon the sworn Declaration of Stephanie Yocum "explaining the process SSA went through to determine [Mr.] Jones's periods of incarceration and whether those periods of incarceration were for felony convictions (which would suspend his Title II benefits pursuant to 20 C.F.R. § 404.468.)" (Doc. 38, p.1, and Attach. 1) (hereinafter Comm'r Resp.). Ms. Yocum points to five periods wherein Plaintiff either was or is incarcerated related to four criminal cases in which Plaintiff pleaded guilty and was convicted of felonies. (Comm'r Resp., Attach. 1, pp.2-4).

4

Plaintiff acknowledges that 20 C.F.R. § 404.468(a) requires withholding benefits from an "individual for any month any part of which the individual is confined in a jail, prison, or other penal institution or correctional facility for conviction of a felony." However, Plaintiff makes much of the sentence in subsection (c) explaining, "Confinement in such a facility continues as long as the individual is under a sentence of confinement and has not been released due to parole or pardon," but seems to ignore the next sentence, "An individual is considered confined even though he or she is temporarily or intermittently outside of that facility (e.g., on work release, attending school, or hospitalized)." Plaintiff argues that to show by a preponderance of the evidence, a journal entry from the criminal cases in which he was allegedly convicted is required to prove the facts Ms. Yocum asserts, it has not been produced, and the court should rule in favor of Plaintiff. (Reply 4).

Plaintiff's argument that the preponderance of the evidence standard should be applied ignores that the Commissioner's decisions must be based only on "substantial evidence"—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. Ms. Yocum asserts her information came "from the Kansas District Court Public Access Portal, the Justice Xchange database, and the Kansas Adult Supervised Population Electronic Repository (KASPER)." (Comm'r Resp., Attach. 1, p.2). That is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and Plaintiff has shown no error in the evidence.

Plaintiff's argument from 20 C.F.R. § 404.468(c) misunderstands what it means to be "under a sentence of conviction" within the meaning of the Social Security Act. Consideration of the Social Security Act section upon which 20 C.F.R. § 404.468 is based, 42 U.S.C. § 402(x), will elucidate that meaning more clearly. In relevant part that statute states:

> **(x) Limitation on payments to prisoners, certain other inmates of publicly funded institutions, fugitives, probationers, and parolees**
>
> (1)(A) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual--
>
> (i) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense,
>
> (ii) is confined by court order in an institution at public expense in connection with--
>
> (I) a verdict or finding that the individual is guilty but insane, with respect to a criminal offense,
>
> (II) a verdict or finding that the individual is not guilty of such an offense by reason of insanity,
>
> (III) a finding that such individual is incompetent to stand trial under an allegation of such an offense, or
>
> (IV) a similar verdict or finding with respect to such an offense based on similar factors (such as a mental disease, a mental defect, or mental incompetence),
>
> \*\*\*
>
> (v) is violating a condition of probation or parole imposed under Federal or State law.

42 U.S.C. § 402(x) (2004); Pub.L.108-203, § 203 (Mar. 2, 2004); 118 Stat. 509 (2004).

By its terms, the statute applies in three situations applicable here.  (1) An individual who is confined "pursuant to his conviction" of a felony will not receive monthly benefits for any month in any portion of which he was confined in any form of correctional facility.  42 U.S.C. § 402(x)(1)(A)(i).  "Pursuant" used as an adverb means "in accordance with (a law or legal document or resolution)."  Thus, any confinement in accordance with a conviction including pre-trial confinement would preclude the payment of benefits.  (2) An individual confined <u>by court order</u> and <u>at public expense</u> in connection with an incompetency finding precludes the payment of benefits.  42 U.S.C. § 402(x)(1)(A)(ii)(III).  (3) Finally, no monthly benefits shall be paid to any individual for any month any portion of which that individual is violating a condition of probation or parole.  42 U.S.C. § 402(x)(1)(A)(v).

Plaintiff's argument that he was on probation during certain of the periods during which his monthly benefits were withheld does not acknowledge the periods during which he was determined to be in violation of a condition of his probation.  Plaintiff's arguments that he was being held for incompetency proceedings at certain times (including at least as recently as the time of his Reply Brief) ignores that in accordance with the statute even confinement at public expense for competency proceedings prohibits payment of monthly benefits.

The Commissioner applied the correct legal standard to determine months in which Plaintiff's monthly benefits must be withheld.  Such relevant evidence as a reasonable mind might accept as adequate to support a conclusion supports the Commissioner's determination.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision (Benefits Letter, Doc. 23, Attach. 4) as it relates to the payment of past due benefits.

Dated January 9, 2026, at Kansas City, Kansas.

<u>s:/</u>
**John W. Lungstrum**
**United States District Judge**